**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ANDRE STRICKLAND and PATRICIA STRICKLAND,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF GEORGIA; GWINNETT COUNTY GOVERNMENT; DEUTSCHE BANK TRUST COMPANY AMERICAS; WELLS FARGO BANK N.A., INC.; AMERICA'S SERVICING COMPANY; and GEORGE F. HUTCHINSON III, in his Individual capacity,<br><br>Defendants. | : | CIVIL ACTION NO. 1:13-CV-2188-RWS |

**ORDER**

This case is before the Court on Defendant Gwinnett County Government's ("County") Motion to Dismiss [2], Defendants State of Georgia ("State") and George F. Hutchinson III's ("Judge Hutchinson") Motion to Dismiss [5], Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss [6], and Plaintiffs' Motion to Strike Wells Fargo's Motion to Dismiss [7]. After reviewing the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

## Background[1]

On November 13, 2012, Andre Strickland and Patricia Strickland (Plaintiffs) filed suit in Gwinnett County Superior Court against Mortgage Lenders Network USA, Wells Fargo Bank N.A., and GMAC Mortgage, LLC for breach of a home loan agreement and predatory lending practices which allegedly caused Plaintiffs' bankruptcy. On March 19, 2013, after a hearing on the matter, Judge Hutchinson dismissed Plaintiffs' claims against Wells Fargo with prejudice and stayed the case against GMAC pending bankruptcy proceedings. (Orders, [6-2], [6-3].) Plaintiffs appealed Judge Hutchinson's dismissal Order to the Georgia Court of Appeals, but the appellate court dismissed the appeal as premature due to the pendency of Plaintiffs' suit against the other defendants. ([6-3].) It appears that Plaintiffs' state court case is still pending against GMAC and Mortgage Lenders Network.

Plaintiffs assert the following claims against all Defendants: gross negligence (Count I) and denial of due process and equal protection under the law (Count II). Plaintiffs seek declaratory and injunctive relief "to amend the

[1] Unless otherwise noted, the facts are taken from Plaintiffs' Complaint and the attachments thereto. At the motion to dismiss phase, the Court accepts all well-pleaded facts as true.

bad gross behavior of Defendants collectively," relief "from state judgment and orders," and damages of $102,420 (the sum stated on their note).

## Discussion

### I. Legal Standard - Motion to Dismiss

Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273



AO 72A
(Rev.8/82)

n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Because Plaintiffs are acting pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## II. Analysis

### A. County's Motion to Dismiss [2]

The County argues and the Court agrees that the Complaint is devoid of factual allegations to support Plaintiffs' claims against this Defendant. Plaintiffs' claims against the County are based on alleged misconduct by Judge



AO 72A
(Rev.8/82)

Hutchinson. Specifically, Plaintiffs aver that the County caused their injuries because Judge Hutchinson denied them a meaningful opportunity to be heard at their state court hearing on May 12, 2013, and the County is responsible for the actions of its officers. (Pl.s' Resp., [4] at 1, 3.) However, Judge Hutchinson, a superior court judge, is not a county official, see Freeman v. Barnes, 640 S.E.2d 611, 615 (Ga. Ct. App. 2006), and the County does not have supervisory liability for his conduct. The Complaint contains no further allegations concerning the County or any County officials. Therefore, Plaintiffs' claims against the County are **DISMISSED.**

B. State and Judge Hutchinson's Motion to Dismiss [5]

The State and Judge Hutchinson ("State Defendants") urge the Court to dismiss Plaintiffs' Complaint under the Younger v. Harris abstention doctrine. 401 U.S. 37 (1971). According to Younger and its progeny, in exceptional cases, federal courts may withhold equitable relief to avoid interfering with state judicial proceedings. New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989). Although Younger addressed state criminal proceedings, its principles are "fully applicable to noncriminal judicial proceedings when important state interests are involved." Middlesex Cnty.



AO 72A
(Rev.8/82)

Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). There are three factors to consider to determine whether abstention is appropriate: (1) the presence of an ongoing state judicial proceeding; (2) implication of important state interests in the state proceeding; and (3) availability of an adequate opportunity to raise constitutional challenges in the state proceeding. Id.; 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).

The State Defendants argue that all three criteria for abstention are met here. The Court agrees. Plaintiffs' state suit is still pending against multiple defendants. Further, disputes over real property and disputes involving predatory practices against lay consumers implicate important state interests. See e.g., BFP v. Resolution Trust Corp., 511 U.S. 531, 565 (1994) ("stability of title in real property may be said to be an 'important' state interest"); Ohralik v. Ohio State Bar Ass'n, 436 U.S. 447, 460-62 (1978) ("the State has a legitimate and indeed 'compelling' interest in preventing those aspects of solicitation that involve fraud, undue influence, intimidation, overreaching, and other forms of 'vexatious conduct'"). Finally, Plaintiffs may raise their constitutional concerns before the Georgia Court of Appeals upon final determination of their superior court action. Therefore, the Court agrees that abstention is appropriate and



AO 72A
(Rev.8/82)

Plaintiffs' claims against the State Defendants are **DISMISSED**.[2]

C. Wells Fargo's Motion to Dismiss [6] and Plaintiffs' Motion to Strike [7]

The Complaint states: "Wells and Deutsche both lacked standing to collect, demand payments, [and] publish notices of foreclosure respecting the subject property . . . ." (Compl., [1] ¶ 17.) This is the only allegation pertaining to Wells Fargo. Further, the Complaint contains no information about the

---

[2] Plaintiffs' prayer for relief includes: declaratory and injunctive relief "to amend the bad gross behavior of Defendants collectively;" relief "from [] a contract that was unconscionable;"relief "from state judgment and orders;" and a "certain sum of $102,420.00[, the] amount stated on the note." (Compl., [1] ¶¶ 25-27.) Plaintiffs do not articulate from which Defendant(s) they hope to recover these various forms of relief. To the extent Plaintiffs are seeking money damages from the State Defendants, their claims are denied.

Judicial immunity from civil suits for money damages is well established. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). Plaintiffs have not suggested that Judge Hutchinson lacked subject matter jurisdiction over the matter before him, nor have they suggested that he was acting outside of his judicial functions when the alleged misconduct took place. Further, the State is immune from suit in federal court under the Eleventh Amendment, unless it has consented to be sued or Congress has abrogated the state's sovereign immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Neither consent nor abrogation is present here.



AO 72A
(Rev.8/82)

underlying loan, the property in question, or any foreclosure proceedings.[3] The Court agrees with the Defendant that Plaintiffs have failed to state a plausible claim for gross negligence or constitutional violations based upon a single conclusory allegation. Thus, Plaintiffs' claims against Wells Fargo are **DISMISSED**.

Wells Fargo argues that Plaintiffs' Motion to Strike is improper and irrelevant because Defendant filed a motion to dismiss under Rule 12(b)(6) and no evidence is needed at this stage. (Wells Fargo Opp. to Pl.s' Mot. to Strike, [10] at 2.) However, recognizing that Plaintiffs are proceeding pro se, the Court has considered the contents of Plaintiffs' motion in response to Wells Fargo's Motion to Dismiss. Having found that Defendant's motion has merit, the Court **DENIES** Plaintiffs' motion.

## Conclusion

Based on the foregoing, the County's Motion to Dismiss [2] is

---

[3] As Wells Fargo notes, *res judicata* bars Plaintiffs from attempting to re-litigate claims raised in their state court suit against this Defendant. To the extent Plaintiffs are attempting to assert the same causes of action here, those claims must fail.



AO 72A
(Rev.8/82)

**GRANTED**, the State Defendants' Motion to Dismiss [5] is **GRANTED**, Wells Fargo's Motion to Dismiss [6] is **GRANTED**, and Plaintiffs' Motion to Strike [7] is **DENIED**.

**SO ORDERED**, this 12th day of March, 2014.

**RICHARD W. STORY**
United States District Judge



AO 72A
(Rev.8/82)